**WEST COAST TRUCK LINES, INC., Plaintiff,**

**and**

**Delta Traffic Service, Inc., Plaintiff–Appellant,**

**v.**

**WEYERHAEUSER CO.; Marine Lumber Co., Defendants–Appellees.**

**Nos. 89–35115, 89–35121 and 89–35167.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 3, 1989.

Filed Jan. 4, 1990.

Opinion Vacated Aug. 30, 1990.

Decided Aug. 30, 1990.

Miles L. Kavaller, Beverly Hills, Cal., for plaintiffs-appellants Delta Traffic Service, Inc., and West Coast Truck Lines, Inc.

William N. Mehlhaf, Case, Dusterhoff & Mehlhaf, Portland, Or., for defendants-appellees Weyerhaeuser Co. and Marine Lumber Co.

Cecelia E. Higgins, Washington, D.C., for intervenor, I.C.C.

Paul Gary Sterling and Mary Kay Reynolds, Meadows, Smith, Lenker, Sterling & Davis, Long Beach, Cal., for amicus curiae The Shippers Nat. Freight Claim Council, Inc.

Before WALLACE, PREGERSON and ALARCON, Circuit Judges.

ORDER AND OPINION

ALARCON, Circuit Judge:

The petition for rehearing is GRANTED. The opinion filed January 4, 1990 is withdrawn.

In *West Coast Truck Lines, Inc. v. Weyerhaeuser*, 893 F.2d 1016 (9th Cir.1990), we determined that an unreasonable practices defense could be asserted to prevent application of the filed rate doctrine in an action to collect motor common carrier undercharges. Based upon this conclusion, we affirmed the district court's order granting summary judgment in favor of Weyerhaeuser Co. and Marine Lumber Co.

In *Maislin Industries v. Primary Steel, Inc.*, —— U.S. ——, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990), the Supreme Court concluded that an unreasonable practices defense *cannot* be asserted to prevent the application of the filed rate doctrine in an action to collect motor common carrier un-

dercharges. *Id.* —— U.S. at ——, 110 S.Ct. at 2766–68. *Maislin Industries* controls our disposition of this case. Therefore, we vacate our earlier opinion in this case, reported at 893 F.2d 1016, reverse the district court's order granting summary judgment to Weyerhaeuser Co. and Marine Lumber Co., 705 F.Supp. 513, and remand for further proceedings.

REVERSED AND REMANDED.